UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| Rosemary Gross, | Case No. 12-60881 |
|     Debtor. _____/ | Hon. Phillip J. Shefferly |
| Daniel M. McDermott,<br>United States Trustee, | Adversary Proceeding<br>No. 12-06043-PJS |
|     Plaintiff, | |
| v. | |
| Rosemary Gross, | |
|     Defendant. _____/ | |

**ORDER DENYING THE UNITED STATES
TRUSTEE'S MOTION FOR SUMMARY JUDGMENT**

On September 14, 2012, the Debtor filed this Chapter 7 case pro se. On November 26, 2012, the United States Trustee ("UST") filed this adversary proceeding under § 727(a)(4)(A) of the Bankruptcy Code, requesting that the Court deny the Debtor's discharge. The complaint alleges that the Debtor knowingly and fraudulently made a false oath when she stated that she did not have any help in preparing the documents in her bankruptcy case. On December 13, 2012, the Debtor filed a pro se answer. On March 21, 2013, the UST filed a motion for summary judgment (ECF No. 17). On April 9, 2013, the UST filed a certificate of no response (ECF No. 18).

The UST's motion for summary judgment first relies upon testimony provided by the Debtor at a Fed. R. Bankr. P. 2004 examination conducted by the UST on November 1, 2012. The UST's

motion for summary judgment next relies upon certain facts that the UST believes are admitted by the Debtor because of her failure to answer the UST's requests for admissions served upon her. The UST's motion for summary judgment argues that all of the elements necessary to deny the Debtor a discharge under § 727(a)(4)(A) are demonstrated by the Debtor's testimony in her Rule 2004 examination, and by the facts deemed admitted by the Debtor's failure to answer the UST's request for admissions.

Federal Rule of Civil Procedure 36(a)(3), incorporated in this adversary proceeding by Fed. R. Bankr. P. 7036, states that a matter is admitted unless, within 30 days after being served, the party to whom the request is directed signs and serves a written answer or objection. On January 31, 2013, the UST served requests for admissions upon the Debtor. The Debtor did not file a timely answer, nor any answer, to the requests for admissions. Therefore, pursuant to Fed. R. Civ. P. 36(a)(3), the Debtor is deemed to have admitted the facts that are the subject of the UST's requests for admissions.

Section 727(a)(4)(A) of the Bankruptcy Code provides as follows:

> The court shall grant the debtor a discharge, unless— . . .
> (4) The debtor knowingly and fraudulently, in or in connection with the case—
>     (A) made a false oath or account.

The Sixth Circuit Court of Appeals has explained the elements necessary to deny a discharge under § 727(a)(4)(A) as follows:

> In order to deny a debtor discharge under this section, a plaintiff must prove by a preponderance of the evidence that: 1) the debtor made a statement under oath; 2) the statement was false; 3) the debtor knew the statement was false; 4) the debtor made the statement with fraudulent intent; and 5) the statement related materially to the bankruptcy case. Whether a debtor has made a false oath under section 727(a)(4)(A) is a question of fact.

Keeney v. Smith (In re Keeney), 227 F.3d 679, 685 (6th Cir. 2000) (internal quotation marks and citation omitted).

There is no genuine issue of fact regarding the first element under § 727(a)(4)(A). The Debtor filed a declaration ("Declaration") under penalty of perjury in her bankruptcy case (ECF No. 6 in case no. 12-60881) stating that she did not have any help preparing the documents for her bankruptcy filing. The Declaration was made under oath. There is also no genuine issue of fact regarding the second element under § 727(a)(4)(A). The Declaration was false. The Debtor's failure to answer request for admission no. 1 constitutes an admission that the Debtor did have help in preparing her documents in her bankruptcy case. The Debtor has therefore admitted that the statement contained in the Declaration was false. There is also no genuine issue of fact regarding the fifth element of § 727(a)(4). The Declaration relates materially to the Debtor's bankruptcy case.

However, there are genuine issues of material fact regarding the third and fourth elements under § 727(a)(4)(A). Neither the Debtor's testimony in her Rule 2004 examination nor her deemed admissions of fact establish that she knew that the statement that she made in the Declaration was false when she made it and that she made it with fraudulent intent. Because the record before the Court does not establish that the Debtor knew that she was making a false statement, or that she made it with fraudulent intent, the Court cannot grant the UST's motion for summary judgment. The UST is only entitled to summary judgment if the UST can demonstrate that the Debtor knew that her Declaration was false, and that she made it with fraudulent intent.

The Court appreciates the fact that the Debtor did not respond to the UST's requests for admissions, nor to the UST's motion for summary judgment. The Debtor's failure to respond to the motion for summary judgment can easily be construed as the Debtor's agreement that the UST is

-3-

12-06043-pjs    Doc 19    Filed 04/23/13    Entered 04/23/13 10:14:05    Page 3 of 5

entitled to an order denying the Debtor's discharge, which is the relief sought by the UST in the complaint in this adversary proceeding. On the other hand, the Debtor appeared pro se both in her bankruptcy case and in this adversary proceeding. Also, the Court notes that the Debtor has filed two separate letters in this adversary proceeding (ECF Nos. 4 and 14) informing the Court of medical problems that the Debtor suffers from which could arguably explain the Debtor's failure to respond to the UST's requests for admissions and motion for summary judgment. While the Court does not excuse pro se debtors from complying with the Federal Rules of Bankruptcy Procedure, the denial of discharge is a very serious remedy. It is important that the Court strike the right balance in pro se cases to ensure that a pro se debtor has a full and fair opportunity to present any defenses that they may have to a request for denial of discharge. The UST is correct that the UST is entitled to an order recognizing that the Debtor is deemed to have admitted the facts that are set forth in the UST's requests for admissions. However, after reviewing the UST's motion for summary judgment, the attachments to the motion, and the entire court file, the Court concludes that there are genuine issues of material fact on two elements under § 727(a)(4)(A) which prevent the Court from granting the UST's motion for summary judgment. Accordingly,

**IT IS HEREBY ORDERED** that the UST's motion for summary judgment is denied, and this adversary proceeding shall proceed to a **final pretrial conference on June 3, 2013 at 9:30 a.m.**, and a **trial on June 12, 2013 at 9:00 a.m.**, in accordance with the schedule previously set by this Court.

**IT IS FURTHER ORDERED** that the facts set forth in the UST's requests for admissions (ECF No. 15) are deemed admitted pursuant to Fed. R. Civ. P. 36(a)(3).

**Signed on April 23, 2013**

                                             **/s/ Phillip J. Shefferly**
                                             **Phillip J. Shefferly**
                                             **United States Bankruptcy Judge**